KELLEY and another *v.* MORRELL.

</div>

<div align="center">

(*Circuit Court, D. Minnesota.* February, 1887.)

</div>

1. GUARDIAN AND WARD—GUARDIAN'S SALE—RECORD OF GUARDIAN'S APPOINTMENT—PRESUMPTION AS TO NOTICE.

    The record of a probate court of the territory of Minnesota, in the matter of the appointment of a guardian, (1) recited that "on this third day of December, 1856," came A., petitioning for his appointment as guardian of his nonresident minor children, they having real estate in the county; (2) ordered a bond to be filed by him; (3) ordered his appointment, (reciting the filing of the petition and bond;) and (4) set out a copy of the bond, dated December 6th. It did not affirmatively appear from the record that the notice required to be given to all persons interested was given. *Held* that, the court being a court of record, and not strictly one of special and limited jurisdiction, and the manner of notice to interested parties required by the statute being left to its discretion, it must be presumed, as bearing upon the validity of a subsequent guardian's sale, that proper notice was given.

2. SAME—FORM OF BOND—WHETHER DEFECT JURISDICTIONAL.

    If a guardian's bond is given to the wards instead of to the probate court, the approval of it is merely an error in a matter of procedure, and a subsequent sale of the ward's real estate is not thereby invalidated.

Suit for Partition.

*Pierce & George*, for complainants.

*Chas. D. Kerr*, for defendant.

NELSON, J. This is a bill in form for a partition of real property. The complainants claim an undivided one-third of the real estate described, and allege that the defendant owns the remaining two-thirds. The defendant in his answer claims he is the owner of the entire property. His title to the one-third rests on a sale by the guardian of nonresident minors ordered by the probate court of Morrison county, Minnesota, and made pursuant to such license on January 17, 1857, and confirmed February 2d following. A deed was executed and delivered to the purchaser, February 17th. The complainants' title is traced through Dorothy J. Sturgis, the mother of Sarah J. Kelley, and through her sister and a brother. To sustain the complainants' title, an attack is made upon the proceedings of the probate court appointing the guardian, and subsequent proceedings resulting in the sale of the minors' interest in the property.

The evidence introduced to show the appointment of a guardian is the following record:

"IN THE MATTER OF THE GUARDIANSHIP OF JENETTE A., SARAH JANE, AND JOHN K. STURGIS.

   "December Term, A. D. 1856, of the Probate Court of Morrison County, Minnesota Territory, held at Little Falls by CHESSMAN GOULD, Probate Judge.

   "Now, on this third day of December, A. D. 1856, comes William Sturgis, of said county and territory, by his petition, and says that he is father of Jenette A., Sarah Jane, and John K. Sturgis, minors; that Jenette A. was twelve years of age on the twenty-fourth day of November, A. D. 1856; that Sarah Jane was ten years of age on the twentieth of October, A. D. 1856; that both

are residents of St. Joseph county, state of Michigan; that John K. Sturgis was six years of age on the twenty-third day of March, A. D. 1856, and is a resident of Johnson county, state of Iowa; that said minors are seized of certain real estate; and that, to protect and preserve the legal rights of the said minors, it is necessary that some proper person be appointed guardian of their said estate, and that the said William Sturgis asks that he be appointed such guardian. It is therefore ordered by the court that the said William Sturgis be, and he is hereby, required to file in this office his bond in the penal sum of one thousand dollars, with sureties to be approved by the court. On reading and filing the petition of William Sturgis, asking to be appointed guardian of the estate of Jenette A., Sarah Jane, and John K. Sturgis, minors under the age of fourteen years, and on reading, filing, and approving the bond executed in due form of law to the said minors by the said William Sturgis, with sufficient security, it is ordered that letters of guardianship of the estate of the said minors issue to the said William Sturgis, and that he be appointed such guardian aforesaid, according to the prayer of said petition."

Copy of the bond filed in the probate court by William Sturgis, guardian of the estate of Jenette A., Sarah Jane, and John K. Sturgis:

"Know all men by these presents that we, William Sturgis, N. Richardson, and T. M. Smith, are held and firmly bound unto Jenette A. Sturgis, Sarah Jane Sturgis, and John K. Sturgis, minors under the age of fourteen years, in the penal sum of one thousand dollars lawful money of the United States, to be paid to the said minors, their executors and administrators or assigns, to which payment well and truly to be made we bind ourselves firmly by these presents.

"Sealed with our seals and dated this sixth day of December, 1856.

"The condition of this obligation is such that if the above-bounden William Sturgis shall and will in all things discharge the duties of a guardian of the estate of the said minors according to law, and render a true and just account of all moneys and properties received by him, and of the application thereof, and of his guardianship in all respects, to any court having cognizance thereof when thereby required, then this obligation to be void; else to remain in full force and virtue.                                     WILLIAM STURGIS.   [Seal.]
                                           "N. RICHARDSON.     [Seal.]
                                           "T. M. SMITH.        [Seal.]

"Sealed and delivered in presence of JAMES HALL and CHESSMAN GOULD.

"*Territory of Minnesota, County of Morrison—ss.:* On this sixth day of December, 1856, appeared before me William Sturgis, N. Richardson, and T. M. Smith, severally known to me to be the persons described in and who executed the foregoing bond, and respectively acknowledged that they execute the same.                           CHESSMAN GOULD, Judge of Probate."

. Also a record is introduced, dated December 24, 1856, of a petition of the guardian to sell the real estate, and the appointment of appraisers, and an order for the sale.

It is urged that in the record it does not affirmatively appear that notice required by law was given to all persons interested that an application for the appointment of a guardian would be made, and for that reason the subsequent proceedings are void, including the sale. The probate court of the territory of Minnesota had original jurisdiction of the appointment of a guardian, and could direct a guardian's sale. It was not a court of special and limited jurisdiction, strictly speaking. It was a court in which records are required to be kept of all proceedings. It was

v.29F.no.15—47

a court of superior jurisdiction, and full faith and credit are due to its official acts, when regular on the face of them, as much so as are due to the official acts of other courts of record; and, while in this case the record is silent upon the matter of notice of the application for the appointment of a guardian, it does show that the minors were non-residents, and it appears in the petition for the sale that they had real estate in Morrison county; and every fair intendment must be made that the court gave such notice as the law contemplated before it assumed to act. The court had jurisdiction of the subject-matter, and the manner of notice of the appointment of guardian was left to its discretion. The notice is presumed to have been given, as the court passed upon the question when the appointment was made.

I think the case of *Grignon* v. *Astor*, 2 How. 319, is in point. The exercise of jurisdiction in appointing a guardian warrants the presumption that everything necessary was done before the court acted. In every other respect there is a substantial compliance with the statutes relating to the sale of the property by the guardian. The bond which the statute required to be given to the probate court was given to the children; but this is a matter of procedure, and, at most, it was an error of judgment in the court to approve and accept it, and does not render void the subsequent sale.

It is unnecessary to consider the other questions raised.

Decree for defendant; and it is so ordered.